## Case No. 12,963.

### SMALLWOOD v. WORTHINGTON.

[2 Cranch, C. C. 431.] [1]

Circuit Court, District of Columbia. Oct. Term, 1823.

EVIDENCE—PAROL—WRITTEN CONTRACT—PLEADING AT LAW—BREACH OF PROMISE.

1. When the assignment of the time of service of a servant is in writing, parol evidence of a promise that the servant had a certain time to serve cannot be admitted.

2. A count averring that the defendant promised that a servant, whose time the plaintiff had bought of the defendant, had three years to serve: and that the defendant, not regarding

[1] [Reported by Hon. William Cranch, Chief Judge.]

his said promise, but contriving and fraudulently intending to injure the plaintiff, craftily and subtilely deceived the plaintiff in this, that the servant had not three years to serve, is not a count founded upon fraud, but upon the breach of the promise.

Assumpsit, charging that the defendant [William Worthington] promised that the servant, whose time of service the plaintiff [H. Smallwood] had bought of the defendant, had three years to serve, when, in truth, she had only one year to serve. The declaration does not aver fraud, or a knowledge on the part of the defendant that she had only one year to serve. The plaintiff, upon the call of the defendant, produced a written contract, by which one Lowe hired the servant to the defendant, stating that she had seven years to serve from that date, November, 1815. In 1819, the defendant transferred his right, by a written assignment, to the plaintiff, which assignment did not contain any warranty. The plaintiff offered parol evidence to prove that the defendant affirmed, at the time of the contract, that she had three years to serve.

THE COURT (nem. con.) rejected the parol evidence.

Mr. Key, for plaintiff, then contended that one of the counts was for deceit, and that the parol evidence was admissible to show the deceit. The count averred that upon the sale of the time of the servant, the defendant promised that she had three years to serve, yet the defendant not regarding his promise, but contriving and fraudulently intending to injure the plaintiff in this behalf, craftily deceived the plaintiff in this, that the said slave, at the time of making the said promise and undertaking of the defendant, had not three years to serve, but was entitled to her freedom in one year, &c., and had only one year to serve, whereby the plaintiff lost the benefit of her service for a long time, &c.

But THE COURT (nem. con.) said, that the count was not for deceit, and did not aver fraud; and rejected the evidence.